TODD A. RIGBY, Bar No. 013383
Todd.Rigby@lewisbrisbois.com
SHAWN M. PETRI, Bar No. 022642
Shawn.Petri@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH** LLP
Phoenix Plaza Tower II
2929 North Central Avenue, Suite 1700
Phoenix, Arizona 85012-2761
Telephone: 602.385.1040
Facsimile: 602.385.1051
Firm email: azdocketing@lewisbrisbois.com
*Attorneys for AJT Trucking, Inc.*

### IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZONA

| | |
|---|---|
| Geoffrey Cosman and Diane Cosman, Individually and/or as Husband and Wife, | No. |
| Plaintiffs, | |
| vs. | **NOTICE OF REMOVAL** |
| Enodio Borrero and Jane Doe Borrero, Individually and/or as Wife and Husband; Multi Image Group, Inc., A Florida Corporation; AJT Trucking, Inc., A Florida Corporation; John Does I-X and Jane Does I-X, individually and/or as Husband and Wife; BLACK CORPORATIONS I-X and WHITE LIMITED PARTNERSHIPS I-X, | |
| Defendant. | |

Pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446, Defendant AJT Trucking, Inc. ("AJT") removes this action from the Superior Court of Arizona, Yavapai County, Case No. CV2019-80168, to the United States District Court for the District of Arizona – Flagstaff Division.  In support of removal, AJT states as follows:

### I.    STATUS OF STATE COURT ACTION

1.    On June 17, 2019, Plaintiffs filed their Complaint against AJT in the Superior Court of Arizona, Yavapai County.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4847-5370-2301.1

2.      AJT was served on June 26, 2019.  A copy of the Complaint is attached along with copies of all processes, pleadings and orders filed with the Superior Court are attached to this Notice of Removal as required by 28 U.S.C. § 1446(a), see Exhibit A.

3.      AJT filed its responsive pleading on July 16, 2019.  AJT filed a Notice of Filing Notice of Removal in the state court action.  A true and correct copy of the Notice is attached hereto as Exhibit B.

4.      Defendants Borrero and Multi Image Group, Inc. have been voluntarily dismissed from the lawsuit.  See Exhibit A.

5.      As stated in more detail below, this case is properly removed pursuant to 28 U.S.C. § 1441 because AJT satisfied the procedural requirements for removal and because this Court possesses diversity jurisdiction over this action, which involves citizens of different States and an amount in controversy exceeding $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

## II.      AJT SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

6.      Plaintiffs filed their First Amended Complaint on June 17, 2019, and served AJT on June 26, 2019.  This Notice of Removal is timely under 28 U.S.C. § 1446(b).

7.      Venue in this Court is proper under 28 U.S.C. § 1441(a) because the Superior Court of Arizona, Yavapai County, is located within the Flagstaff Division of the District of Arizona. Thus, this Court "embrac[es] the place where such action is pending."  28 U.S.C. § 1441(a).

8.      No prior notice of removal has been filed.

9.      In accord with 28 U.S.C. § 1446(d) and Local Rule of Civil Procedure 3.6(a), AJT served the other parties with a copy of the Notice of Removal and filed a copy of the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4847-5370-2301.1                                         2

1   Notice of Removal in the Superior Court of Arizona, Yavapai County.  Copies of all pleadings

2   and other documents previously filed for the matter removed to this Court are attached as

3   Exhibit A as required by Local Rule of Civil Procedure 3.7(b).

4

**III.    DIVERSITY JURISDICTION**

5

6   　　　　10.　　　Under 28 U.S.C. § 1332(a), this Court has original jurisdiction over a civil

7   action between citizens of different states in which the matter in controversy exceeds $75,000,

8   exclusive of interest and costs.

9

10   　　　　11.　　　AJT, is a Florida corporation with its primary place of business in Florida.  AJT

11   is a citizen of Florida for diversity purposes under 28 U.S.C. § 1332(c)(1).

12   　　　　12.　　　Plaintiffs Geoffrey and Diane Cosman are citizens of Winnipeg, Manitoba

13   (Compl., ¶ 3).  Therefore, Plaintiffs are a citizens of Canada for diversity purposes under 28

14   U.S.C. § 1332(c)(1).

15

16   　　　　13.　　　Typically, the amount in controversy is determined by the allegations in the

17   Complaint.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 400 (9th Cir. 1996).

18   However, because the Complaint in this action does not specify the amount of damages

19   Plaintiff seeks, AJT must show by a preponderance of the evidence that the amount in

20   controversy exceeds $75,000 - exclusive of interest and costs.  *Id.*; *Necessary v. State Farm*

21   *Auto. Ins. Co.*, 359 Fed. Appx. 807, 810 (9th Cir. 2009).

22

23   　　　　14.　　　"Under this burden, the Defendant must provide evidence establishing that it is

24   'more likely than not' that the amount in controversy exceeds [75,000]."  *Welsh v. New*

25   *Hampshire Ins. Co.*, 843 F. Supp. 2d 1006, 1009 (D. Ariz. 2012).  "The party seeking removal

26   does not need to establish what damages the Plaintiffs will recover, but only how much is in

27   controversy between the parties." *Blomberg v. Serv. Corp. Intern.*, 639 F.3d 761, 763 (7th Cir.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4847-5370-2301.1                                    3

2011); *Kovacs v. Chesley*, 406 F.3d 393, 396 (6th Cir. 2005) ("The test for whether the jurisdictional amount has been met considers whether the Plaintiff can succeed on the merits in only a very superficial way."); *see also Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of . . . liability").

15.     "[T]he inquiry into the amount in controversy is not confined to the face of the Complaint." *Welsh*, *supra*.

16.     Plaintiffs allege that as a result of Defendant's negligence they each suffered physical injuries which required medical treatment and resulted in the loss of gainful employment.   Upon information and belief, each Plaintiff incurred in excess of $20,000 in medical bills.

17.     Additionally, Plaintiffs each demanded in excess of $75,000.

18.     Given the injuries in this claim and the demands, the "amount in controversy" is in excess of $75,000, exclusive of interest and costs.

19.     Therefore, under Section 1332 of Title 28, United States Code, this Court has subject matter jurisdiction over this civil action.

DATED this 26th day of July, 2019.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By   /s/ *Shawn M. Petri*
    Todd A. Rigby
    Shawn M. Petri
    Attorneys for AJT Trucking, Inc.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4847-5370-2301.1                    4

**CERTIFICATE OF SERVICE**

I hereby certify that on July 26, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing and deposited the same in the U.S. Mail to the following CM/ECF registrants:

Matthew Feinman
David Panzarella
LERNER & ROWE, P.C.
2701 E. Camelback, Rd., Ste 140
Phoenix, AZ 85016
*Attorneys for Plaintiff*

  /s/ *Laura M. Nagelkirk*
33219-704

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4847-5370-2301.1

5